Opinion of the Court.
THE plaintiff in error, recovered a judgment in debt before a justice of the peace, and the appealed to the circuit court. On the trial in that court, the plaintiff, then appellee, offered to read in evidence a note for the sum of fifty dollars, which purported to be executed by the defendants under seal, dated the 3d September 1818, and payable.the 1st of March 1820, with a credit of six dollars endorsed, dated 7th of February 1321. On the back thereof was an assignment written and signed, not by th.e present plaintiff in error,-but by Richard Burton to William Johnson. The counsel for the now defendants object *442 ed to réading said note in support of the demand, and to support his objection, introduced and read a warrant issued by the same justice of the peace who had rendered this judgment, directed to a constable of no county, against the now defendants in favor of Wiliiam Johnson, assignee of Richard Burton, requiring an appeal’-anee to answer “ in a plea of debt due by note for $44.” There was also a return upon it by the officer, that it was executed on the now defendants, and that the case was set for trial on the day when the judgment of the same justice now in question bears date. The counsel 'for the now plaintiff objected to reading ibis warrant as having nothing to do with the cause, and that if it had, it could not now be noticed. The court overruled the objection, and permitted this warrant to be read. To rebut its eiliect, the counsel for the now plaintiff read the judgment of the justice, which was in favor of the now plaintiff by name, against the now defendants, for $44 debt with interest and costs. The appeal was also taken against the now’ plaintiff, and the appeal bond executed to, and the summons with superse-deas in this case was issued against him. The court rejected the note as evidence in the cause, and there being no evidence in favor of the now plaintiff, instructed the jury that they ought to find for the defendants*, which they accordingly did. The present plaintiff excepted and the judgment being against him, he has prosecuted this writ of error, and assigns this decision as error.
The decision of the court below must have been predicated on the fact, that there was such a variance between the warrant produced and the note offered in evidence, as would not tolerate the introduction of the note to support the j udgment; or that the warrant was so variant from the judgment rendered by the Justice, that the judgment could not be supported by any evidence. The last of these grounds will be first en-quired into. We readily concede that this warrant could notauthorise the judgment given by the justice. It was not in favor of the now plaintiff, or issued at his suit, and, therefore, the present plaintiff ought to have obtained no judgment under it. But would it thence follow’, that if the justice had rendered speh a judgment, on the service of this warrant and no other, and this judgment was appealed from, the now plaintiff could *443 sot support it, by any testimony whatever? In. the case of appeals, where the statute dispenses with pleadings in writing,, we. would not be understood as deciding, that the warrant could never be looked at, for the purpose of supplying that want, so far as it would supply it. For instance, if the warrant should state a case in which the justice had no jurisdiction, it might be proper not to tolerate proof of a cause of action, of which the justice bad jurisdiction, and if the warrant stated a debt due by specialty',, the plaintiff on an appeal might be precluded from proving a demand in as-sumpsit. But however ibis may be in general, this warrant can have no such effect. It is between different parties. The appellee in the circuit oourt was no .party in it; and as he could not avail himself, of it, in evidence or use it against any other party, because he-was not party thereto, so no other person ought to be "permitted to use it to his prejudice; for the right, take advantage of legal proceedings must be mutual., Whether then, this warrant was or was not issued in this cause, and whether the justice did or diffnot act on its return and give this judgment, the consequence? are precisely the same. As it could not be used to waft-rant the judgment, so it cannot be used to prevent ji and the production thereof in the circuit court, oqff-t not to have been tolerated for the purpose of excluding the evidence. Laying then, ibis warrant aside,but a(i" mitting at the same time, that this was the oyOr ^ar" want which was issued and returned, andthp the justice of the peace on its return actually gay/ffdgment according to the note, in favor of a different party not before him, which- seems probably the c¿®e, as the opposite side appealed from that judgment to the circuit court, against the party who had thus illegally obtained it, and the legal plaintiff in the warrant was not then before the court, does it. followJhat the appellee in that court could-not support that irregular judgment by proper evidence on the appeal?
On an appeal 0‘f peace* l0 the 0;rcuit court,itisim- “£*®” warrant 0f. the justice was voidable or vo:«; if the plaintiff in the circuit court then ■shows a cause of action, it is sufficient.
*443 1.. The act of assembly^.which provides for appeals, declares “ that no appeal shall he dismissed for an irregularity in the proceedings, had before, the magistrate ;but the same shall be tried on-its merits,as though no trial had been previously had thereon.” Another act provides that no declaration shall be necessary; hut the opurtmay make such order as they shall deemne- *444 cessary, íbr a fair and speedy trial, of the cause on its merits.” To give these provisions their full effect, it can make no difference whether the judgment of the justice was void, or only voidable, or whether there was or was no warrant. On the appeal, the proper parties are before the court, and the court is competent.to decide on the controversy, and its judgments would be valid. If then the party who was successful before the justice can give evidence supporting a cause of action cognizable by the justice, and of the same species of that, in which the judgment below was rendered, he must be permitted to do so» TIcre the judgment of the-justice was between the parties to the appeal; the warrant was not. The judgment is in debt, and the note tendered was calculated to support debt. The plaintiff in error, therefore, ought to have been permitted to use the note, to shew that he was then entitled to a valid judgment of the same nature, although his firstjudgment was not only erroneous but void.
But the cause > faction then Slown, must Be<if the sam, kind with \iat expresses the warran, ani} one of wuch the justice hadjurisdic tion.
The judgment of the court below must, therefore, be "eversed, the finding of the jury set aside, and the cause ?>e remanded, for new proceedings, not inconsistent with his opinion.